**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

Enoch Pittman, Bruce B. Thomas, Cedric ）
Clinkscales, Claude V. Jones, David Case, ）
Earnest Anderson, Edward L. Simmons, ）
Jack Northrop, James Anthony Tucker,
Jason H. Hunt, Larry China, Michael
Bolte, Randolph Ashford, Robert Witzman,
William B. Brown, III, William Vollbrecht,
Charles Jackson Madden, Alton Brown,
Andrew Dixon, Bland Mallard, Charles R.
Bradberry, Christopher Holmes, Dana
Weldon, Darren G. Scott, Deovanta L.
Wardlow, Dyrl Burbage, Earl Will, Eric
Canty, Gentry Chapman, Gregory
Benjamin, Hector Villafuerter, Horace
Butler, James A. Brown, Jeremy Shay
Sweat, John C. Pringle, Jose Angel
Herrera, Lugene Tooks, Marlon Miller,
Michael D. Browning, Nathaniel Harris,
Nathaniel Wright, Phinzy  Heyward, Ray
Lee Wells, Ray S. Gadsden, Ray
Thompson, Ricky George, Robbie T.
Blassingame, Robert Prather, Rodney
Murray, Sherwin McFadden, Troy L.
Burks, Wardell Patterson, Jr.,  Roger Lee
Smith, Leroy Matthews, Joseph H. Gibbs,
Anthony C. Ellison, Anthony McCray,
Chavis T. Miller, Kelvin G. Cooper,
Marvin C. Blackburn, Noah Malloy, Jr.,
Robert Mills, Jr., Danny Beck, Timothy
Ramsey, Estate of Timothy Ruth, Adam
Ellis, Adrian Byers, Al Malik Geter, Arthur
Jones, Brandon Arledge, Craig Wilson,
Dennis Jackson, Hobart Drake, Jr., Ismail
Muhammad, James Durham, James
Matthew Splawn, Jeffery Curry, Jeremy
Fowler, Joshua Hendricks, Julius Legette,
Kelvin Mellette, Keynan J. McClinton,
Leshawn Byrd, Levon McCallum, Lloyd
Fennel, Lonnie Smith, Marcus Fernanders,
Marcus Johnson, Rasheed K. Jones,
Richard F. V. Bowman, III, Robert Smith,
Ronald H. Nixon, Stanley Simon,

C/A No: 1:26-cv-437-DCN-SVH

Talliferro Butler, II, Walter Murrey, Jr.,
Larry Elmore, James D. Mitchell, Jeffery
Kyle Jones, Keith A. Rollins, Jr, Leroy
Wayne Hutto, Walter L. Brim, Jesse
Barrage, Joe McCoy, Andrew Chance,
Antonio Williams, Aveda D. Daniels,
Bernard Lambright, Corey Williams, David
Tucker, James R. Frady, Jerry Ledford,
Johnny Paden, Michael A. Mackey, Patrick
K. Henry, Reginald R. White, Rodney
Pressley, Terryl Powe, Charles Cason,
Denyatta R. Mackins, Russell A.
Cunningham, Christopher Price, Demerius
J. Smalls, James L. Ginther, III,  Marshall
Collins, Richard L. Coleman, Courtney
Lyles, Dennis Page, Donnis Parker,
Michael Rogers, Mitchell Guigou,
Octavius McKelvey, Travis Smith,
Demetrius Simmons, Tommie Wells,
Alonzo Hawes, Anthony W. Stancil,
Bobby Gibson, Jr., Bradford Haigler, Brian
A. Davidson, Cory Catoe, Craig R.
Campbell, Frankie Hugh Brooks, Jr.,
Freddy Sanders, Harold Geer, John Young,
Johnathan B. Hanna, Kenneth Bowen,
Kenneth Jonas, Matthew Smith, Mitchell
L. Hames, Paul R. Hett, Shaquean Lewis,
Steven Harvey, Terrance Young, Timmie
Barrett, Tonnie J. Pace, Travis Morris,
Adrian M. Washington, Archie L. Reid, Jr.,
Calvin Geddis, Dan Howard Cook, Jr.,
Daryl L. Quarles, David A. Abbott, Dennis
W. Williamson, Derrick Wright, Donald
Odom, Herman Joseph  Daniels, III, Ivan
Smith, James Grindle, Jr., John McKinney,
Johnny W. Langston, Kendall L. Doyle,
Robert Duke, Rodney L. Anstett, Ronald
Ceo, Scott A. Christopher, Tony T.
Bennett, Travis S. Martin, Wesley L.
Schindler, William N. Myers, Willie
Smalls, Anthony Ogden, Antonio Ray,
Barry R. Styles, Bradley T. Barnett,
Cordarrell McConnell, Curtis Calvin
Gainey, Derrick L. Brice, Jesse A. Dilts,
Leon Brooks, Jr., Milo Tudor, Rodrick
Anderson, Wilfred Pitts, Jr.,  Norris Smith,

John Varner, Leon Jones, Antoine Miller,
Billy Ray Smith, Bobbie McCann, Bruce
F. Mathis, Bryan Stegall, Charvus Nesbitt,
Daniel T. Worley, Da'Shawn Sanders,
Donald Jarrell, Donald Scott Robertson,
Donald W. Moore, Eddie Hilton, Edward
Welch, Eric Pinckney, Eric Samuel,
Frankie C. Bryant, Frankie McGee,
Franklin Fleming, George Cousins, Horace
Foster, James Spurgeon, Jeffery Stevens,
Jerome Durham, Jerry McMahan, Jr., John
Belcher, Kendrick R. Dunlap, Leroy
Archie, Patrick Strozier, Ralph Hayes,
Randy Lester, Richard Sampson, Robert
Waldrop, Jr., Stephen Fincher, Tony
Fulmer, Travis Bennefield, Tyrone L.
Sanders, William C. Whitfield, Jr., William
Price, Bridgette Ann Moore, Mary Joann
Kelley, Bernard Reid, James Wilkinson,
John Ward, Adrian Frustner, Alonzo
Baldwin, Andre P. Mack, Anthony
Beacham, Anthony Williams, Aubrey
Brooks, Barry Whitehead, Billy Baker,
Billy Camp, Billy Ramsey, Billy Shane
Miller,  Bobby J. Harris, Bobby Shead,
Brandon Bartley, Cedric Elmore, Chadrick
Johnson, Charles E. Crawford, Charles
Rampey, Charlie Jennings, Christopher
Owens, Christopher Salisbury, Christopher
Smith, Clarence A. Harrison, Corey L.
Calhoun, Corey Randall, Cory Brawner,
Damon D. Davis, Daniel Goldsmith,
Darhyl Ponds, David Burrell, Dennis
McCrea, Donald Robinson, Dwight
Richards, Dylangen M. Robinson, Dyrell
Garrett, Eddie Dixon, III, Eric Mitchell,
Ernest Lee, Forest Lanier, Gary Jones, Sr.,
George Jenkins, Gustavo Soliz, Harrison
Sanders, Henry K. Sherman, Isaiah Smith,
Jacob Mabry, Jamal Hodges, James A.
Grant, James E. Cook, James F. Brown,
James Holder, James Johnson, Jr., James
Poss, James Sellers, Jeffery Alexander,
Jeffery Sims, Jr., Jerry Lee Bell, Jr., Jimmy
S. Alston, Joe Nance, Joey H. Johnson,
Joey Thompson, John Brayboy, John Cook,

John Cunningham, John Goldsmith, John
McCoy, John Smith, Johnny L. Bryant, Jr.,
Johnny Whitfield, Joseph Boykin, Justin
Faile, Kelvin Johnson, Kenneth Wigfall,
Kyle Holton, Lance Brace, Landus Gaines,
Lashawn Fair, Leartis McDowell, Lee
Mitchell, Leroy Bryant, Lester Young, Jr.,
Londas M. Irby, Louie Gilreath, Marcus R.
Jett, Matthew Hendricks, Melvin Smith,
Jr., Melvin Tate, Michael A. Wright,
Michael Boulware, Michael Cooper,
Michael E.  Williams, Michael Hall,
Michael Kidd, Michael T. Campbell,
Mitchell M. Hill, Myron Bird, Naim
Williams, Nicholas Hall, Nicolas Oglesby,
Oronde Jenkins, Patrick Bridwell, Perry
Smith, Peter Davies, Phil Barnett, Rafeal
Brown, Raheme Jamison, Ramane Green,
Randy Granger, Reginald Henderson,
Reginald Taylor, Ricky Horne, Ricky
Williams, Robert Benson, Robert Bowens,
Jr., Robert Frady, Rodrick R. Strong,
Roger A. Dowd, Ronnie Green, Roy L.
White,  Jr., Samuel Dinkins, Shane
Charles, Stanley Eppenger, Stanley
Goolsby, Stanley Shamble, Steve A.
Laughter, Steven Roberts, Tcarro S.
Williams, Teddy Byers, Terrance
Williams, Tim Wise, Timothy T. Crosby,
Tony Youngblood, Tyrone Brave, Uriel
Albarez, Velvin Davis, Waylon Waldrop,
Wesley L. Bolding, William Hickman,
William Shiver, Zaro Boyd, David Bentley,
Tarrik R. Armstrong, Bennie Montgomery,
Cavanaugh Alvin, Cedric Flood, Leonard
Lovett, Levern McCrea, Nakia Clemmons,
Randy Elders, Stanford Tucker, Willie
Parker, Darel Davis, Joey Weir, Abdel
Pittman, Anthony Simpson, Antoine
Corbitt, Dustin A. Tarvin, Joe R.
Littlejohn, Randy L. Cantrell, Travis O.
Jones, Tyran A. Harriot, Archie Hardin,
Archie Hoover, George Williams, Jamal
Hakeem, Jason Welborn, Channak Keam,
Charles Byers, Charles Hughes, Damon
Jones, Johnnie Sanders, Keith F. Gadsden,

Kenneth Moyer, Modriques R. Davis,
Roderick Wynn, Sandtonyo L. Barber,
Timothy McCormick, Mark Dorsey, Albert
Anders, Albert Evans, Bernard Jackson,
Bille Faile, Bobby Ray Gladden, Bradley
G. Mullins, Brain A. Davidson, Brandon
Roberts, Byron Spivey, Calvin Eugene
Miller, Charles Bagley, Christopher W.
Bridwell, Darrin Holston, Demetria
Anderson, Dylan T. Foster, Eddie Stewart,
Fitzgerald McDuffie, Franklin Owens,
Fredward Clark, Gary Maynor, Jr.,  George
Wade Scott, Gregory Austin, James Redd,
Jr., James Roseboro, Javier Hickson,
Jerome Watson, John Thompson, Kendrick
Smith, Kenneth Jones, Kenneth Triplett,
Kenny Poe, Kevin Choice, Lloyd King,
Luther J. Rose, Michael B. Haynes,
Michael Eubanks, Michael Hilton, Michael
William Fitzgerald Foster, Michael Wise,
Ray Charles Salters, Richard Tucker, Rico
Nichols, Robert Conyers, Robert Phipps,
Robert S. Horton, Rodney Kyle, Roy
Smith, Rudis A. Ventura, Shannon
Garland, Stephen Young, Terrance Greene,
Tommy Riley, Travis D. Jones, William C.
Gresham, Willie E. Mullins, Terry L.
Hewitt, Jr., Billy Joe Leard, Bobbie Dandy,
Corey S. Sherman,  Edward Pennington,
James Dawkins, Kenny Jackson, Lynburg
McLeod, Marcus J. Parker, William Blom,
Jimmy Alston, Charles Woodruff, Eric
Williamson, DiYoung Dantzler, Jacob
Beach, Charles Washington, Terry
Eddleman, James Rhodes, Christoher Ash,
Troy Burgess, Michael Cash, Lloyd
Martin, Henry Vanderhorst, Tron Haney,
David Baker, Codrick Bass, Charles
Vandross, Randy Wilson, James H Cobb,
Keenan Drummond, Christopher Ruppe,
Raymond Patteron Jr, Leshawn McDonald,
Mose Peterson III, Barrick Mills, Calvin
Smith, Joseph Byrd, Devonte Clifton,
James Collins, Kenneth Craig, Charles
Liles, Matthew Pillon, Travis Johnson,
Davon Richardson, Emmett Mike, Willaim

D. Yaraborough, Travis Morgan, Gregory
Brookins, Kenneth Knowles, Roy Bishop,
Joel Robinson,  Starshemah Jones, Daniel
Jones, Colin Cobb, Daniel Earls, Gary
McAlister, Rueben Greer, James Smith,
James McJunkin, Dyonzdria A. Brown,
Barry Colquipt, Ervin Lopez, Donnie
Simpson, Darrin Smalls, Craig Geathers,
Matthew Miller, Michael Gambrell, Jason
Maness, Larkin Johnathan Bridges, Oscar
McLeod, Ricardo Mobley, Sheridan Harris,
Leon Demond Folks, Alex Anderson,
Bradley David Hooper, William long,
Jefferson Lemonte Lee, Mark Eatson,
Joseph Selig, Marshall Kilgore, Donnie
Charles Glenn, Durian Littlejohn, LeRoy
Berentsen, Carlos Moore, Travis Yonson,
Johnny Mahaffey, James Jamal, William
Crosby, Alan Pyle, Cedric Washington,
Dennis Richey, Donnie Jones, Michael
Earl Porter Jr, Morris L. Goss, Emiah
Anderson, Kenneth Shoats, Leslie
Twyman, Michael P. Dickson, Raquib Al-
Amin, Richard Solomon, Rico West, Scott
A. Needs, Austin Shackleford, Barrington
Perry, Brent Pelzer, Carl L. Bolden, Corey
Sparkman, Daniel Johnson, James E.
Brown, James E. Hill, Lawrexen W. Jones,
Linart Randolph, Richard Ferguson, Roy
D. Brooks, Robert Graham, Adam
Weitenhagen, Jonathan M. Johnson, Jason
White, Anthony Buckett, Giles Belcher,
Ronald D. Dingle, Shon N. Prescott,
Abdullah  as-Salafi, Jerome Workman,
Joseph Massey, James Gentry, Melvin
Cheek, Barrett B. Harris, Bobby Arnold,
Dannie Nichols, Dytavis Hinton, George
Brown, Illya T. Salters, James Junior
Roberts, John Harvey, Michael Ferrell,
Ricky Gentry, Robert Osbey, Titus
Williams, Wriston Melton, Robert Hinton,
James A. Nesbitt, Robert Doll, Reginald
Wilson, Justin Michael Velchoff, Terry
Swanger, Antwan Salters, Brian K. Nesbitt,
Brian Lowry, Chris Mahaffey, Derek
Brown, Donald Hill, Jason Williams,

Jimmie L. Banks, Jimmy Dodd, Jose Javier
Salas, Kurt Anthony, Russell L. David, Sr.,
Sherman Dewalt, Stanley Jewell, Willie
Crawford, Anthony Chapman, Gregory
Mackey, Kevin Black, Peter Garnett,
Anthony Poteat, Benjamin Palmer,
Brandon Robbs-Tanner, Charles Essing,
Christopher Crowley, Christopher Strope,
Chuck McCullough, Harold Newton,
Henry Galloway, Jay Loggins, Jeremy
Hendrix, Jermel Henderson, John Barbare,
Joseph Boulineau, Joseph Hutto,
La'Terrance Mack, Michael Ashley,
Westley Cater, David Scott Durham, Kevin
Epting, Aaron Mathis, Alan Yates,
Alesandro Shepherd, Andrea Nicholas,
Anthony Maybin, Christopher Hampton,
Clarence Rice, Craig Busse, Darrell Efird,
David M. McClure, Jr., De'lonte' B.
Carroll, Donnie Dooley, Eddie Lindsey,
Gavin Jones, George Mittag,  James Archi
Crews, IV, James McGee, Jason Turmon,
Jefferson Lee Perry, III, Jesse Speer, Joe
Stokes, John Igneri, Jose Alvarenga, Kenji
Manning, Luiz Ozorio, Mark Martucci,
Mark Williams, Matthew Carver, Millanyo
Woody, Patrick Bryant, Raymond Stevens,
Jr., Robert Goff, Robert Patnoude, Ronnie
Lee Williams, Ronnie McCoy, Samuel
Collins, Shane Young, Thomas C.
Williams, Vincent Allen, William Swaney,
Leon Crump, Alan Hawkins, Algian
Blassingame, Alonzo Mack, Andrea Hull,
Antonio Scott, Aris Nichols, Avery J.
Davenport, Brian Posey, Brian Scott
Stapleton, Brice Coley, Buddy Newsome,
Calvin L. Gray, Carl White, Cedric A.
Colden, Cesar Portillo, Damon Wilson,
David Dewayne Crosby, David Sheriff,
Demetrius Gathers, Eddie Dendy, Edward
Thompson, Frank Leach, Gary Gresham,
Gary Woodside, Guy Foster, Jamal
Manick, James Burnett, James Junior
Williams, James Watson, Jason F. Carver,
Jeff McCoy, John Alexander, John
Burdette, John Munn, Jonathan Green,

Joseph Chastain, Joshua Jackson, Joshua
Renner, Keith Childs, Kenneth Butler,
Kenneth McGraw, Kevin Bradley, Kevin
Casey, Landrecus Cowan, Larry Blackwell,
Larry Douglas Smith, Larry White, Jr.,
Louis Gainey, Marcus Martin, Marion
Stewart, Mark Pearson, Matthew Jamie
Bryant, Michael Finley, Montgomery
Marcelino, Myron Miles, Obed Jones, Paul
Mash, Qhuan Miller, Reginald Byrd, RL
Webb, Rodenburg Hicks, Rodney A.
Skates, Ronnie Lee Brown, Santiago Rios,
Seth Stearns, Spiro Williams, Steven S.
Frazier, Sylvester Lowery, Telly Witcher,
Terry Beachum, Terry Dunovant, Timothy
Blassingame, Timothy Woodruff, William
L. Hunter, Jr., Willie Williams, Zachariah
A. Williams, Zachary Donald, Ricky Tate,
Kevin Keith, Robert Johnson, Ronnie K.
Brady, Jr., Phillip Evans, Nathaniel
Freeman, Bobby Watson, Ronald
Middleton, James Carter, Thomas Vidrine,
Edward Charles Sullivan,

|  |  |  |
|---|---|---|
|  | ) |  |
| Plaintiffs, | ) |  |
| *v.* | ) | **COMPLAINT** |
|  | ) |  |
| THE STATE OF SOUTH CAROLINA, | ) | (Jury Trial Demanded) |
| SOUTH CAROLINA DEPARTMENT OF | ) |  |
| CORRECTIONS and THE DIRECTOR | ) |  |
| OF THE SOUTH CAROLINA | ) |  |
| DEPARTMENT OF CORRECTIONS, in | ) |  |
| his official capacity, | ) |  |
| Defendants. | ) |  |
|  | ) |  |

The Plaintiffs, as outlined in **Exhibits A, B, C and D**, (hereinafter "Plaintiffs"), bring this

Complaint against the State of South Carolina and the South Carolina Department of

Corrections (hereinafter "Defendant SCDC") and the Director of the South Carolina Department

of Corrections, (hereinafter "Defendant Director"), based upon the allegations set forth below.

## **INTRODUCTION**

1. This is an action that raises independent federal questions of law and claims grounded in well-established constitutional principles and federal statutes, emphasizing systemic procedural violations that deny Plaintiffs their proper wage.

2. This action raises claims that directly impact important federal interests and are interstate I nature such that they cannot be resolved by the law of any one state. Under Supreme Court precedent, they must be governed exclusively by federal law. See *Nat'l Farmers Union Ins. Cos. V. Crow Tribe of Indians*, 471 U.S. 847, 850 (1985)("*National Farmers*").

3. The federal question of law raised herein, and Plaintiffs' claims seek to remedy the improper application of the federally created Prison Industry Enhancement Program with regards to the payment of wages to incarcerated individuals.

4. Specifically, this action raises the question of whether a State can unilaterally change and/or disregard the requirements, i.e. payment of the prevailing wage to inmates, embedded within a federal program, i.e. Prison Industry Enhancement Program? Further, can a state amend a state statute to eliminate the prevailing wage and implement the payment of the federal minimum wage in direct contradiction of the federally mandated requirements within the Prison Industry Enhancement Program?

5. This Action underscores Defendants' systemic disregard for the statutory requirements under the Prison Industry Enhancement Program and constitutional safeguards. Defendants have previously failed to uphold the standards and requirements of the Prison Industry Enhancement Program and continue to do so. This pattern of violations underscores systemic misconduct under color of law, as defined by 42 U.S.C. § 1983.

6. Defendants' noncompliance with the requirements of Prison Industry Enhancement Program has deprived Plaintiffs of their constitutional rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment, further demonstrating systemic misconduct under color of law.

7. The acts alleged herein are occurring at numerous institutions under Defendants' control, including within Beaufort County.

8. This Honorable Court has jurisdiction over the issues set forth in this case and personal jurisdiction over the parties herein.

## PARTIES, JURISDICTION, AND VENUE

9. Plaintiffs detailed in **Exhibit A** are currently incarcerated within Defendant SCDC.

10. Plaintiffs detailed in **Exhibit B** have been released from incarceration and are no longer residents of Defendant SCDC.

11. Plaintiffs detailed in **Exhibit C** are the Estates of previously incarcerated individuals that have passed away.

12. Plaintiffs detailed in **Exhibit D** are the adult individuals that are currently incarcerated and adult individuals that have been released from Defendant SCDC and previously signed a settlement agreement with Defendants.

13. Defendant SCDC is an executive agency of the State of South Carolina and is responsible for operating the State of South Carolina's prisons. Defendant SCDC has facilities located throughout the state.

14. The South Carolina Code vests the SCDC Director with exclusive management and control of the South Carolina prison system. S.C. Code Ann. §24-1-130.

15. The South Carolina Code charges the Director of SCDC with appearing for and defending any actions brought against SCDC. S.C. Code Ann. §24-1-220.

16. Defendant Director of SCDC is sued in his official capacity.

## **BACKGROUND**

17. Prison Industry Enhancement Certification Program (hereinafter "PIECP") originally was authorized under the Justice System Improvement Act of 1979 (Public Law 96-157, Sec. 827). The Crime Control Act of 1990 (Public Law 101-647) authorizes continuation of the program indefinitely.

18. Under PIECP the Bureau of Justice Assistance (BJA) certifies that local or state prison industry programs meet all the necessary requirements to be exempt from federal restrictions on prisoner-made goods in interstate commerce. PIECP program places incarcerated individuals in realistic work environments, pays them prevailing wages, and gives them a chance to develop marketable skills that will increase their potential for rehabilitation and meaningful employment on release. (Prison Industry Enhancement Certification Program (PIECP) | Overview | Bureau of Justice Assistance (ojp.gov))

19. Prevailing Wage is defined as the average wage paid to similarly employed workers in a specific occupation in the area of intended employment. (US Department of Labor).

20. Currently, forty-five (45) certified correctional industry programs operate in the United States, and these programs manage at least two hundred twenty-two (222) business partnerships with private industry. As of September 30, 2022, PIECP generated nearly One Hundred and Nine Million Dollars ($109,000,000.00) for victims' programs, Fifty-Four Million Nine Hundred Thousand Dollars ($54,900,000.00) for inmate family support, Three Hundred Forty-Three Million Eight Hundred Thousand Dollars

($343,800,000.00) for correctional institution room and board costs, and One Hundred Twenty-Four Million Three Hundred Thousand Dollars ($124,300,000.00) in state and federal taxes.

21. The Defendants participate in this federal program that the Bureau of Justice Assistance (BJA) certifies and manages.

22. South Carolina Code §24-3-430 provides that inmates must receive the "prevailing wage" for their salaries while employed in the private sector until 2024 when it was modified to state "(D) No inmate participating in the program may earn less than an hourly rate equal to the federal minimum wage for work of similar nature in the private sector" – in contradiction with the Federal regulation.

23. Further the statue states, "(H) The earnings of an inmate authorized to work at paid employment pursuant to this section must be paid directly to the Department of Corrections and applied as provided under Section 24-3-40."

24. PIECP is "an effective way to address idleness among ever-increasing prison populations and as a cost-efficient method for providing inmates with marketable job skills. Taxpayers benefit because PIECP wage deductions result in reductions in incarceration costs. Inmate wages benefit society, generally, in that deducted amounts are authorized to address victim compensation, inmate family support needs and taxes." (PIECP Final Guideline).

25. Defendants participate in the PIECP program and allow their inmates to be gainfully employed through the program.

26. Upon information and belief, Defendants contract with numerous companies under the PIECP program. For instance, at Tyger River Correctional Facility Defendants have a

contract with Shaw Industries Group, Inc. As part of this contract, Defendants employ inmates, in the private sector, to perform jobs such as woodworker and inspector tester sorter and weigher.

27. Upon information and belief, Defendants have been and currently pay inmates minimum wage, seven dollars and twenty-five cents ($7.25) an hour rather than the required prevailing wage.

28. Upon information and belief, the prevailing wage varies depending on the position employed. For instance, the prevailing wage for a woodworker is sixteen dollars and thirty-six cents ($16.36) and for an inspector tester sorter and weigher it is twenty dollars and fifty-three cents ($20.53)

29. Upon information and belief, inmates can voluntarily deduct child support from their gross pay.

30. Upon information and belief, if an inmate does not have child support deducted from their gross pay, Defendants will deduct a fee for room and board.

31. Upon information and belief, Defendants have provided minimal compensation to numerous inmates as a result of their failure to pay them the proper wages. As part of these compensation payments, Defendants are deducting long term saving, room and board and/or voluntary child support.

32. Upon information and belief, despite compensating numerous inmates for Defendants' failure to pay the prevailing wage Defendants continue to pay the compensated inmates minimum wage for their continued employment.

33. Upon information and belief, Defendants' actions are intentional, wanton and willful and with the intent to deprive inmates of their earned income.

## FACTS AS TO INCARCERATED PLAINTIFFS THAT HAVE NOT ENTERED A SETTLEMENT WITH DEFENDANT

34. The Plaintiffs reiterate, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further allege that:

35. Plaintiffs detailed in **Exhibit A** are currently incarcerated within Defendant SCDC.

36. Upon information and belief, each one of the inmates listed in **Exhibit A** have and/or continue to work under the PIECP within Defendant SCDC.

37. Upon information and belief, these Plaintiffs were paid federal minimum wage for their employment rather than the contracted for and PIECP required pay of prevailing wage.

38. Upon information and belief, these Plaintiffs have not been reimbursed their lost wages.

39. Upon information and belief, Defendants owe these Plaintiffs the difference in the prevailing wage and the minimum wage for the time of their employment with Defendants.

40. Upon information and belief, Defendants are refusing to pay Plaintiffs the outstanding wages owed to them.

## FACTS AS TO RELEASED PLAINTIFFS THAT HAVE NOT ENTERED A SETTLEMENT WITH DEFENDANT

41. The Plaintiffs reiterate, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further allege that:

42. The Plaintiffs detailed in **Exhibit B** have been released from incarceration and are no longer residents of Defendant SCDC.

43. Upon information and belief, the Plaintiffs in **Exhibit B** worked within Defendant SCDC under the PIECP Program.

44. Upon information and belief, the Plaintiffs in **Exhibit B** were paid federal minimum wage rather than the prevailing wage.

45. Upon information and belief, the Plaintiffs in **Exhibit B** did not enter a settlement with Defendants prior and/or since being released from incarceration within Defendant SCDC.

46. Upon information and belief, these Plaintiffs have not been reimbursed their lost wages.

47. Upon information and belief, Defendants owe these Plaintiffs the difference in the prevailing wage and the minimum wage for the time of their employment with Defendants.

48. Upon information and belief, Defendants are refusing to pay Plaintiffs the outstanding wages owed to them.

### FACTS AS TO ESTATES OF INMATES

49. The Plaintiffs reiterate, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further allege that:

50. The Plaintiffs detailed in **Exhibit C** are the Estates of previously incarcerated individuals that have passed away.

51. Upon information and belief, the Plaintiffs in **Exhibit C** worked within Defendant SCDC under the PIECP Program.

52. Upon information and belief, the Plaintiffs in **Exhibit C** were paid federal minimum wage rather than the prevailing wage.

53. Upon information and belief, the Plaintiffs in **Exhibit C** did not enter a settlement with Defendants prior to passing away.

54. Upon information and belief, these Plaintiffs have not been reimbursed their lost wages.

55. Upon information and belief, Defendants owe these Plaintiffs the difference in the prevailing wage and the minimum wage for the time of their employment with Defendants.

56. Upon information and belief, Defendants are refusing to pay Plaintiffs the outstanding wages owed to them.

### FACTS AS TO INCARCERATED AND RELEASED PLAINTIFFS WHO HAVE ACCEPTED SETTLEMENT

57. The Plaintiffs reiterate, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further allege that:

58. The Plaintiffs detailed in **Exhibit D** are the adult individuals that are currently incarcerated and adult individuals that have been released from Defendant SCDC and previously signed a settlement agreement with Defendants.

59. Upon information and belief, the Plaintiffs in **Exhibit D** worked within Defendant SCDC under the PIECP Program.

60. Upon information and belief, the Plaintiffs in **Exhibit D** were paid federal minimum wage rather than the prevailing wage.

61. Upon information and belief, the Plaintiffs in **Exhibit D** entered into settlement agreements with Defendants regarding their lost wages.

62. Upon information and belief, the Plaintiffs in **Exhibit D** were not given the opportunity to seek legal counsel to determine if these settlements were in their best interests. Rather, they were called either to the Warden's office or to meet with an attorney on behalf of Defendants and told if they did not accept the offer they would not be given another opportunity to resolve their claim.

63. Upon information and belief, the Plaintiffs in **Exhibit D** felt pressured and coerced into

signing settlement agreements with Defendant SCDC.

64. Upon information and belief, the Plaintiffs in **Exhibit D** felt they had to sign the settlement agreement or risk retaliation by Defendants.

65. Upon information and belief, Defendants are refusing to pay these Plaintiffs for their long term saving, child support was not sent to their families as required and they were not paid the entirety of the outstanding wages owed to them.

<u>**FIRST CAUSE OF ACTION**</u>
**(Breach of Contract)**

66. The Plaintiffs reiterate, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further allege that:

67. Defendants entered into an agreement to participate in the PIECP. Through this agreement, Defendants then entered into a contractual relationship with inmates, specifically the Plaintiffs, in which the parties agreed that inmates would be paid the prevailing wage for their position of employment.

68. The agreement was entered into between the parties and that agreement constituted a contract.

69. The Defendants have failed to pay Plaintiffs, and other inmates, the agreed upon salary for numerous years despite Defendants' knowledge and agreement to the PIECP rules and regulations.

70. The Defendants breached the contract and due to this breach has cost the Plaintiffs wages they rightfully and legally earned.

71. The Defendants are therefore in breach of the parties' contracts and the PIECP.

72. The Plaintiffs have suffered damages as a direct and proximate result of the Defendants' breach of contract and the PIECP.

## SECOND CAUSE OF ACTION
**(Breach of Contract Accompanied by Fraudulent Act)**

73. The Plaintiffs reiterate, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further allege that:

74. Defendants breached the contract between the parties in the above stated particulars.

75. Upon information and belief, the Defendants were aware of the salaries due to Plaintiffs, however, Defendants had no intention of paying Plaintiffs the legally required and mandated salaries.

76. Defendants have in fact failed to properly compensate Plaintiffs for numerous years.

77. Even when Defendants compensate Plaintiffs and other inmates for their previous failure to properly compensate them, they continue to knowingly pay federal minimum wage rather than the statutorily based prevailing wage.

78. Upon information and belief, to date, Defendants continue to improperly pay employed inmates and refuse to reimburse Plaintiffs for the unpaid wages.

79. The Plaintiffs have suffered damages as a direct and proximate result of this fraudulent act accompanying the breach of contract, including but not limited to treble damages.

## THIRD CAUSE OF ACTION
**(Breach of Contract regarding Settlement Agreements)**

80. The Plaintiffs reiterate, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further allege that:

81. Defendants entered into settlement agreements with Plaintiffs detailed in **Exhibit D**.

82. Upon information and belief, Plaintiffs detailed in Exhibit D were led to believe they would receive full compensation for all lost wages for the entirety of their employment. They

were also led to believe they would receive their long-term savings deductions as well as the voluntary child support payments being sent to their families.

83. The agreement was entered into between the parties and that agreement constituted a contract.

84. Upon information and belief, Defendants failed to pay Plaintiffs detailed in Exhibit D the full compensation of lost wages for the entirety of their employment, they failed to pay them their long-term savings, and they failed to pay the child support payments to Plaintiffs families.

85. The Defendants breached the contracts and due to these breaches have cost the Plaintiffs wages they rightfully and legally earned.

86. The Defendants are therefore in breach of the parties' contracts and the PIECP.

87. The Plaintiffs have suffered damages as a direct and proximate result of the Defendants' breach of contract and the PIECP.

## FOURTH CAUSE OF ACTION
**(Negligent Misrepresentation and Fraudulent Inducement)**

88. The Plaintiffs reiterate, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further allege that:

89. Defendants entered into settlement agreements with Plaintiffs detailed in **Exhibit D**.

90. Upon information and belief, Plaintiffs in **Exhibit D** were not given the opportunity to seek legal counsel to determine if these settlements were in their best interests. Rather, they were called either to the Warden's office or to meet with an attorney on behalf of Defendants and told if they did not accept the offer they would not be given another opportunity to resolve their claim.

91. Upon information and belief, Plaintiffs detailed in Exhibit D were led to believe they would receive full compensation for all lost wages for the entirety of their employment. They were also led to believe they would receive their long-term savings deductions as well as the voluntary child support payments being sent to their families.

92. Upon information and belief, the Plaintiffs in **Exhibit D** felt pressured and coerced into signing settlement agreements with Defendant SCDC.

93. Upon information and belief, the Plaintiffs in **Exhibit D** felt they had to sign the settlement agreement or risk retaliation by Defendants.

94. Defendants' fraudulent inducement was not an isolated incident but part of a larger, intentional scheme to mislead inmates and suppress payments of lost wages as evidenced by the sheer number of Plaintiffs listed in **Exhibit D**.

95. As a direct and proximate result of Defendants' negligent misrepresentation and fraudulent inducement of Plaintiffs in **Exhibit D** into settlement agreements, Plaintiffs have suffered substantial economic losses warranting both compensatory and punitive damages.

## <u>FIFTH CAUSE OF ACTION</u>
### (Unjust Enrichment)

96. The Plaintiffs reiterate, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further allege that:

97. That the parties entered into a contract, whereby Defendants employed Plaintiffs in the private sector through contracts with private industry companies, i.e. Shaw Industries Group, Inc. and others, for a salary of the prevailing wage for each position of employment.

98. The Defendants received all consideration from Plaintiffs throughout Plaintiffs' employment, yet Defendants have failed to pay Plaintiffs their entire wage, instead only paying them minimum wage.

99. As such, upon information and belief, the Defendants have been unjustly enriched by Plaintiffs employment and Plaintiffs have yet to be properly compensated under South Carolina Code §24-3-430.

100.    Due to Defendant's failure to fully compensate Plaintiffs, the Plaintiffs have suffered damages as a direct and proximate result of Defendants' unjust enrichment.

## SIXTH CAUSE OF ACTION
### (Detrimental Reliance)

101.    The Plaintiffs reiterate, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further allege that:

102.    That the parties entered into a contract, whereby Defendants employed Plaintiffs in the private sector through contracts with private industry companies, i.e. Shaw Industries Group, Inc. and others, for a salary of the prevailing wage for each position of employment.

103.    That the Plaintiffs relied upon Defendants' assurances that Defendants would fully compensate Plaintiffs for their employment under state law.

104.    Upon information and belief, Defendants have failed to fully compensate Plaintiffs under their employment contract and South Carolina Code §24-3-430.

105.    The Plaintiffs relied on Defendants' assurances to their determinant and have suffered damages as a direct and proximate result of Defendants' assurances.

## SEVENTH CAUSE OF ACTION
### (Unfair Trade Practices Act Violation)
### (§ 39-5-10, et al)

106.     The Plaintiffs reiterate, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further allege that:

107.     The Defendants engaged in unfair and deceptive acts that induced the Plaintiffs into employment and working with the Defendants.

108.     The conduct of the Defendants is capable of repetition and is being repeated on a daily basis.

109.     As a result of the unfair and deceptive acts, the Plaintiffs worked with the Defendants, which has proximately caused an ascertainable monetary loss amounting to actual damages.

110.     The violation of the act was willful and therefore an award of treble damages is appropriate.

## EIGHTH CAUSE OF ACTION
### (Violation of SCPWA)

111.     The Plaintiffs reiterate, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further allege that:

112.     At all times relevant to this action Defendants were the "employer" of Plaintiffs as defined by S.C Code Ann. §41-10-10(1).

113.     Upon information and belief, Defendants have adopted employment policies and procedures that set forth the amount of "wages" as defined by S.C. Code Ann. §41-10-10(1), that it has paid its recognized employees over the past three (3) years and who are similarly situated in all material respects as to the Plaintiff.

114.    Defendants have failed to provide the "wages," as defined by S.C. Code Ann. §41-10-10(1), that it owes to Plaintiffs pursuant to its own employment polices and procedures, specifically PIECP.

115.    Therefore, Defendants have failed to comply with S.C. Code Ann. §41-10-40 and 50 with respect to the Plaintiffs and are in violation of the SCPWA.

116.    Defendants' failure to comply with S.C. Code Ann. §41-10-40 and 50 was knowingly, willfully and with reckless disregard of clearly applicable South Carolina law requiring it to pay "wages" to Plaintiffs.

117.    Therefore, the Plaintiffs are entitled to payment from Defendants of wages lost, an additional payment equal to three (3) times the wages lost as liquidated damages, reasonable attorneys' fees, and costs, as well as the equitable remedy of accounting by the Defendants to determine what is the amount of compensation owed in unpaid wages to the Plaintiffs.

## NINTH CAUSE OF ACTION
### (Attorney Fees)

118.    The Plaintiffs reiterate, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further allege that:

119.    Pursuant to the Profit Participation Agreement, the prevailing party is entitled to a reimbursement of Attorney Fees.

120.    Further, the South Carolina Payment of Wages Act provides for an award of reasonable attorney's fees and costs.

121.    Furthermore, the South Carolina Unfair Trade Practices Act provides for an award of reasonable attorney's fees.

## TENTH CAUSE OF ACTION
### (Quantum Meruit)

122.    The Plaintiffs reiterate, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further allege that:

123.    That the parties entered a contract, whereby Defendants employed Plaintiffs in the private sector through contracts with private industry companies, i.e. Shaw Industries Group, Inc. and others, for a salary of the prevailing wage for each position of employment.

124.    The Defendants received all consideration from Plaintiffs throughout Plaintiffs' employment, yet Defendants have failed to pay Plaintiffs their entire wage, instead only paying them minimum wage.

125.    As such, upon information and belief, the Defendants have not paid the Plaintiffs the value of their work and Plaintiffs have yet to be properly compensated under South Carolina Code §24-3-430.

126.    Due to Defendant's failure to fully compensate Plaintiff, the Plaintiff has suffered damages as a direct and proximate result of Defendants' intentional actions.

## ELEVENTH CAUSE OF ACTION
### (Fair Labor Standards Act) (29 U.S.C. § 201, et seq.))

127.    The foregoing allegations not inconsistent herewith are incorporated herein as if set forth verbatim.

128.    Defendants are considered an "employer" for purposes of the FLSA, 29 U.S.C. § 203(d). 203(d).

129.    Plaintiffs are employees of Defendants for purposes of the FLSA during all times relevant to this Complaint.

130.     Defendant was not exempt from receiving the FLSA overtime benefits, because Plaintiffs position did not meet criteria for an "executive," "administrative," or professional" employee exemption, as those terms are defined under the FLSA. See 29 U.S.C. § 213(a)(1).

131.     The FLSA requires that covered compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty hours in a workweek. See 29 U.S.C. § 207(a).

132.     On several occasions, Defendants failed to pay Plaintiffs at the rate of one and one-half times their normal rate of pay for all hours worked in excess of forty hours in a workweek.

133.     Plaintiffs are entitled to an award of back pay at their regular hourly rate or their overtime rate, as appropriate compensation for all time spent working Defendants, for which was wrongfully excluded by Defendants in calculating their compensable time.

134.     The failure of Defendants to compensate Plaintiffs for overtime work, as required by the FLSA was knowing, willful, intentional, and done in bad faith.

135.     Plaintiffs are entitled to liquidated damages equal to the amount of overtime compensation and regular compensation due to her under the FLSA, pursuant Section 16(b) of the FLSA, 29 U.S.C. 216(b).

136.     The work and pay records of Plaintiffs are in the possession, custody, and/or control of Defendants, and Defendants are under a duty pursuant to Section 11(c) of the FLSA, 29 U.S.C. § 211(c), and pursuant to regulations of the United States Department of Labor to maintain and preserve such payroll and other employment records from which the amount of Defendants' liability can be ascertained.

137.    Plaintiffs request an order of this Court requiring Defendants to preserve such records during the pendency of this action.

138.    Plaintiffs are entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

**TWELFTH CAUSE OF ACTION**
**(42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourteenth Amendment, and in violation of 42 U.S.C. § 1983 resulting in the deprivation of property without Due Process)**

139.    Plaintiffs restate and reavers all foregoing paragraphs as if restated here verbatim.

140.    Plaintiffs had the following clearly established protections at the time of the complained of conduct:

   a.    the right to his property under the Fourteenth Amendment;

   b.    the right to be free from discrimination under the Equal Protection Clause of the Fourteenth Amendment and under 42 U.S.C. § 1981; and,

   c.    the right to due process under the Fourteenth Amendments.

141.    Defendants knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

142.    Defendants are not entitled to qualified immunity for the complained of conduct.

143.    These Defendants developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of the Plaintiffs' constitutional protections and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

144.    Defendants developed and maintained policies, procedures, customs, practices, and/or  exhibiting deliberate indifference to constitutional rights of citizens, which were moving

forces behind and proximately caused the violations of Plaintiffs' constitutional protections and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

     a.   Punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial.

     b.   Attorneys' fees and the cost associated with this action under 42 U.S.C. § 1988,

     c.   Pre- and post-judgment interest at the lawful rate; and,

     d.   Any further relief that this court deems just and proper, and any other appropriate relief at

law and equity.

## <u>THIRTEENTH CAUSE OF ACTION</u>
**(Declaratory Judgment- The Prevailing Wage, not Federal Minimum Wage, is to be paid to Inmates working under the PIECP)**

145.      Plaintiffs restate and reavers all foregoing paragraphs as if restated here verbatim.

146.      As set forth herein, the PIECP requires inmates to be paid the prevailing wage when employed by SCDC under the PIECP.

147.      The Plaintiffs in the underlying action allege they were not paid the prevailing wage but rather the federal minimum wage for their employment under the PIECP.

148.      Defendants are intentionally paying Plaintiffs, and other inmates, the federal minimum wage rather than the required Prevailing Wage.

149.      The PIECP requires Defendants to pay the prevailing wage to any inmate working under the PIECP.

150.      Wherefore, Plaintiffs pray that this Honorable Court enter a judicial declaration that the intention of the PIECP was to pay inmate the Prevailing Wage and Defendants be required to pay Prevailing Wage and not federal minimum wage, to inmates working under the PIECP as the PIECP requires.

**WHEREFORE**, the Plaintiffs pray that judgment be entered in favor of Plaintiffs against Defendants as follows:

1.      Actual and compensatory damages, in an amount sufficient to compensate for the injuries and damages sustained as may be determined by the trier of fact;

2.      All compounded interest on lack of payment due to the Plaintiffs;

3.      Nominal, incidental, and consequential damages, in an amount to be determined by the trier of fact;

4.      Punitive damages, adequate to punish the Defendants for wrongful behavior, sufficient to deter the Defendants named above and others from continuing and/or repeating such similar conduct warranting punishment, in an amount to be determined by the trier of fact;

5.      Treble damages in an amount of three times the damages as may be determined by the trier of fact;

6.      All costs, interest as authorized by law, disbursements, and all reasonable attorney fees associated with this action;

7.      Any and all such other and further relief as this Court or the trier of fact may deem just and proper.

Respectfully submitted,

**WINSLOW LAW, LLC**
*/s/ Allie A. Brown*
Thomas W. Winslow (SC Fed Bar 9740)
Allie A. Brown (SC Fed Bar 12757)
11019 Ocean Highway
Pawleys Island, SC 29585
Telephone: (843) 357-9301
Fax: (843) 357-9303
tom@winslowlawyers.com
allie@winslowlawyers.com
Attorneys for Plaintiff

February 3, 2026
Pawleys Island, South Carolina